U.S. COMMODITY FUTURES
TRADING COMMISSION,
Plaintiff,

v.

OAKMONT FINANCIAL, INC. and
Joseph Charles Dicrisci,
Defendants.

CASE NO.: 9:16-CV-80055-WPD

United States District Court,
S.D. Florida.

Signed 06/09/2016

Michael Solinsky, Kassra Goudarzi, U.S. Commodity Futures Trading Commission, Washington, DC, for Plaintiff.

Kenneth Joseph Ronan, Lavalle Brown & Ronan, P.A., Boca Raton, FL, for Defendant.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

WILLIAM P. DIMITROULEAS, United States District Judge

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint [DE. 21], filed herein on April 18, 2016. The Court has carefully considered the Motion [DE 21], Response [DE 24], and Reply [DE 26], and is otherwise fully advised in the premises.

## I. BACKGROUND

The U.S. Commodity Futures Trading Commission ("Plaintiff") brought this action on January 12, 2016 against Oakmont Financial, Inc. and Joseph DiCrisci ("Defendants") pursuant to Sections 4(a) and 4d(a) of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 6(a) and 6d(a). [DE 1] at ¶ 1.

The following facts are according to the Plaintiff's Complaint: The Plaintiff is an independent federal regulatory agency charged by Congress with the administration and enforcement of the Act. ¶ 10. Oakmont Financial, Inc. was a telemarketing firm that solicited retail customers to invest in off-exchange retail commodity transactions with its principal place of business in Boynton Beach, Florida. ¶ 11. Oakmont Financial has never been registered with the Plaintiff in any capacity. ¶ 11. Joseph DiCrisci was an owner, principal, and controlling person at Oakmont who was not registered with the Plaintiff. ¶ 12. Joseph DiCrisci was a resident of New York, New York during the relevant period. *Id.*

From July 2011 to July 2012, the Defendants entered into, offered to enter into, or conducted any office of business in the United States for the purpose of soliciting or accepting any order for the purchase or sale of precious metals from retail customers on a leveraged of financed basis. ¶ 1. These transactions constituted illegal, off-exchange retail commodity transactions in violation of the Act. *Id.* After a customer invested, Oakmont contacted Hunter Wise Commodities, LLC, a precious metals wholesaler and clearing firm, to accomplish the transaction. ¶ 15, 27. In the leveraged precious metals transactions at issue, Oakmont's customers did not take delivery of the precious metals. ¶ 29. In fact, Oakmont and Hunter Wise Commodities, LLC, never bought, sold, loaned, stored, or transferred any physical metals for the off-

exchange retail commodity transactions at issue. ¶ 31.

The Plaintiff has jurisdiction pursuant to § 2(c)(2)(D) of the Act which confers jurisdiction to the Plaintiff over any agreement, contract, or transaction in any commodity that is entered into with, or offered to, a non-eligible contract participant ("ECP") on a leveraged or margined basis ("retail commodity transactions"). ¶ 18. As a result, the Plaintiff brings this action alleging illegal off-exchange trading in violation of Section 4(a) of the Act, 7 U.S.C. § 6(a) which makes it unlawful for any person to offer to enter into, execute, confirm the execution of, or conduct any office or business anywhere in the United States for the purpose of soliciting, accepting any order for, or otherwise dealing in any transaction in, or in connection with, a contract for the purchase or sale of a commodity for future delivery unless the transaction is conducted on or subject to the rules of a board of trade that has been designated or registered by the Plaintiff as a contract market. ¶ 20. In addition, the Plaintiff alleges the Defendants failed to register with the Plaintiff in violation of Section 4d(a) of the Act, 7 U.S.C. § 6d(a), which makes it unlawful for any person to be a futures commission merchant ("FCM") unless such person shall have registered with the Plaintiff as an FCM. ¶ 41. Accordingly, the Plaintiff seeks to enjoin the Defendants' conduct. ¶ 4.

Defendant Joseph DiCrisci ("Defendant") moves to dismiss the Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## II. STANDARD OF REVIEW

Both the state long-arm statute and the Due Process Clause of the Fourteenth Amendment must be satisfied in order for a federal court to have personal jurisdiction over a nonresident defendant.

*Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir.1999). First, the Court must determine whether the Florida long-arm statute provides a sufficient basis for personal jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir.1996). After deeming jurisdiction appropriate under Florida law, the Court must then ascertain whether "sufficient minimum contacts exist between the defendant[ ] and the forum state so as to satisfy 'traditional notions of fair play and substantial justice' under the Due Process Clause of the Fourteenth Amendment." *Id.* (internal quotation and citation omitted).

The burden is on the plaintiff to allege a prima facie case; the plaintiff must do so by affidavit only if the challenging defendant provides his own affidavits in support. *Posner,* 178 F.3d at 1214. To the extent not contradicted by the defendant's affidavits, the court should accept the facts alleged in the complaint as true. *Id.* In the event of a conflict, all reasonable inferences should be made in favor of the plaintiff. *See Elandia Int'l, Inc. v. Ah Koy*, 690 F.Supp.2d 1317, 1327 (S.D.Fla.2010).

When a federal court uses a state long-arm statute, because the extent of the statute is governed by state law, the federal court is required to construe it as would the state's supreme court." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1258 (11th Cir.2010) (quoting *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir.1998)). Moreover, the Eleventh Circuit has noted that the statute should be strictly construed. *See Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank*, 701 F.2d 889, 891 (11th Cir.1983) (internal citations omitted).

## III. DISCUSSION

### a. Appropriate Jurisdictional Framework

The Defendant argues that this Court does not have personal jurisdiction over him claiming that his ties to Florida are wholly insufficient to confer jurisdiction over him and thus the Complaint should be dismissed against him. In reaching this conclusion, the Defendant relies on the traditional jurisdictional framework whereby the Court must determine: (1) whether the Plaintiff has alleged sufficient facts to subject the Defendant to jurisdiction under the Florida long-arm statute, Fla. Stat. § 48.193; and (2) whether exercising jurisdiction over the Defendant would violate the requirements of the due process clause. *Verizon Trademark Servs., LLC v. Producers, Inc.*, 810 F.Supp.2d 1321, 1323–1324 (M.D.Fla.2011).

As the Plaintiff argues in its Response, however, Defendant's reliance on the traditional jurisdictional framework is misplaced. In a case arising under a federal statute, a court must "first determine whether the applicable statute potentially confers jurisdiction over the defendant, and then determine whether the exercise of jurisdiction comports with due process." *Republic of Panama v. BCCI Holdings*, 119 F.3d 935, 942 (11th Cir.1997). Here, the Plaintiff brought this action pursuant to 7 U.S.C. § 13a–1, which provides that "process [in actions under this section] may be served in any district in which the defendant is an inhabitant or wherever the defendant may be found." Therefore, the statute provides for nationwide service of process. *See BCCI Holdings*, 119 F.3d at 940 (holding that a provision allowing process to be served on any person in any judicial district in which that person resides or can be found constituted nationwide service of process). "When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction." *Id.* at 942. When a federal statute contains a nationwide service of process provision, the Court must determine whether the exercise of person-

al jurisdiction over the Defendant comports with the due process clause of the 5th Amendment as opposed to the 14th Amendment. *Id.* at 939. In making this determination, the Court must examine that Defendant's aggregate contacts with the nation as a whole rather than his contacts with the forum state. *Id.* at 947.

### b. Personal Jurisdiction Analysis

■ Because the statute at issue in this case contains a provision allowing nationwide service of process, the Court must determine whether the Defendant has minimum contacts with the United States. The appropriate test to determine whether the Defendant has minimum contacts with the United States is whether the contacts: (1) are related to or have given rise to the Plaintiff's cause of action; (2) involve some act by which the Defendant purposefully availed himself of the privilege of conducting activities within the forum; and (3) are such that the Defendant should reasonably anticipate being haled into court there. *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir.1993).

■ In the present action, although there is conflicting evidence regarding the Defendant's affiliation with Oakmont Financial, Inc., all reasonable inferences should be made in favor of the Plaintiff. *See Elandia Int'l, Inc. v. Ah Koy*, 690 F.Supp.2d 1317, 1327 (S.D.Fla.2010). Although the Defendant submitted affidavits conveying that he was never an owner, manager, employee, or agent of Oakmont Financial, Inc., the Plaintiff has submitted conflicting evidence in the form of Investigative Testimony and e-mails establishing that that the Defendant acted in a business capacity "on behalf of Oakmont; managed, or controlled those who controlled, the day-to-day operations of Oakmont; determined employee salaries and commission compensation rates; supervised or managed individuals who oversaw the solicita-

tion of funds by Oakmont employees; was involved in hiring Oakmont employees; and had authority to fire Oakmont employees." [DE 24 at 9–10]. Having fully considered this conflicting evidence, the Court makes the reasonable inference in favor of the Plaintiff that the Defendant was the owner and/or controlling person at Oakmont Financial, Inc., for the purposes of this personal jurisdiction analysis. Thus, for the purposes of this motion to dismiss, the Defendant was the owner and/or controlling person at Oakmont Financial, Inc. during the relevant period. The Defendant may, through summary judgment or trial, challenge the factual accuracy of this contention as it pertains to the merits of Plaintiff's claims.

■ Because the court infers that Defendant was the owner or controlling person at Oakmont Financial, Inc., the Court must now determine whether he had minimum contacts with the United States. The Plaintiff contends the first prong of the aforementioned test is satisfied because the Defendant's contacts with the United States in connection with Oakmont's operations are related to the Plaintiff's cause of action against him. The Court agrees with the Plaintiff that this element is satisfied since the Defendant's activities were conducted within the United States and are directly related to the Plaintiff's claim. Next, the Plaintiff argues that the Defendant purposefully availed himself of the privileges of conducting activities within the United States. The Court agrees with the Plaintiff that this second prong is satisfied. Because all of the Defendant's conduct in connection with Oakmont Financial, Inc. occurred in the United States, the Defendant purposefully availed himself of the benefits of the United States. Finally, the Plaintiff argues the last prong is satisfied since the Defendant should reasonably anticipate being haled into court in the

United States. The Court agrees with the Plaintiff for the reasons previously mentioned. Accordingly, this Court finds that the Court has personal jurisdiction over the Defendant and thus the 12(b)(2) motion to dismiss must be denied.

### c. Improper Venue

In the Reply, the Defendant argues this case must be dismissed because it was not brought in the proper district pursuant to 7 U.S.C. § 13a–1. Because the Defendant makes this argument for the first time in the Reply, the Court will not consider the argument. *See In re Egidi*, 571 F.3d 1156, 1162 (11th Cir.2009) (holding that arguments not properly presented in a party's brief or that are raised for the first time in the reply brief are deemed waived).

### IV. CONCLUSION

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss Plaintiffs' Complaint [DE 21] is **DENIED** as explained above.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Broward County, Florida, this 9th day of June 2016.